IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LAVERN BERRYHILL, )
)
      Plaintiff, )
)
)   CIV-13-1370-W
v. )
)
THE STATE OF OKLAHOMA, et al., )
)
      Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se*, filed this purported civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In his Complaint, Plaintiff alleges a long litany of conspiracies to imprison him and to maintain his imprisonment by state and federal judges and various attorneys and corporations. In part, he alleges that he is suing the United States government because certain District Judges of this Court are conspiring to "sabotage [his] attempts to expose that

---

[1] Public records of the Oklahoma Department of Corrections reflect that Plaintiff "Laverne" Berryhill is confined at the Oklahoma State Penitentiary ("OSP"), McAlester, Oklahoma, serving a 20-year term of imprisonment for his conviction of larceny of merchandise from retailer after two or more felony convictions entered in the District Court of Oklahoma County, Case No. CF-1990-1614. In 2004 Plaintiff discharged the sentence entered for his conviction of larceny of merchandise from retailer after two or more felony convictions entered in Case No. CF-1990-1250. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=91467&offender_book_id=4412.

1

my CIV-95-700-T judgment on habeas is void by Rule 60-B-4."[2] He scurrilously alleges federal judges have not only conspired against him but have also received "corporate bribes," are "racist," "acting as [his] slave gatekeepers," and/or "advocating white supremacy."

Plaintiff did not pay the filing fee for this action or file an application seeking leave to proceed *in forma pauperis* in this action. He was ordered to cure this deficiency on or before January 27, 2014. However, that date has passed, and Mr. Berryhill has not cured the deficiency or sought an extension of time to do so. Even if Plaintiff ultimately requests leave to proceed *in forma pauperis*, his cause of action should be dismissed without prejudice as he has not shown imminent danger of physical injury under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act ("PLRA") was enacted in 1996 in response to "a sharp rise in prisoner litigation in the federal courts," and the PLRA was "designed to bring this litigation under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the PLRA's provisions, codified at 28 U.S.C. § 1915(g), "revoke[s], with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, __ U.S. __, 131 S.Ct. 1289, 1299-

---

[2]Plaintiff appealed the order and judgment entered in Berryhill v. Addison, Case No. CIV-95-700-W, and the Tenth Circuit Court of Appeals entered an order on March 24, 2004, stating that "[t]his is Mr. Berryhill's fourth attempt to obtain authorization to file another habeas petition without meeting the requirements of 28 U.S.C. § 2244(b)(2)" and "any further applications filed by Mr. Berryhill for leave to file additional attacks on his 1990 Oklahoma convictions for larceny will be deemed denied on the thirtieth day unless this court otherwise orders." Berryhill v. Addison, Case No. 04-6029 (10th Cir. 2004)(unpublished order). The Tenth Circuit Court of Appeals subsequently denied yet another application in which Plaintiff sought leave to file a second or successive habeas petition. Berryhill v. Evans, 466 F.3d 934 (10th Cir. 2006). Thus, this Court would lack the jurisdiction to consider the action as one seeking authorization to file a second or successive habeas petition.

1300 (2011). To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(quotations and citation omitted). "[V]ague and utterly conclusory assertions" of physical injuries are insufficient. White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998).

Mr. Berryhill is a prolific litigant in this Court, and the Court has previously found on multiple occasions that he had three or more "strikes" under 28 U.S.C. § 1915(g) and had not shown "imminent danger" sufficient to allow him to proceed *in forma pauperis*, considering his long history of filing actions dismissed for failure to state a claim for relief and/or as frivolous. See, e.g., Berryhill v. Okla. Dep't of Corr., Case No. CIV-12-279-W (W.D.Okla. Apr. 20, 2012)(Order, West, D.J.)(denying leave to proceed *in forma pauperis)*; Berryhill v. Workman, Case No. CIV-11-363-W (W.D.Okla. Apr. 20, 2012)(Order, West, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. Jones, Case No. CIV-11-307-D (W.D.Okla. Apr. 21, 2011)(Order, DeGiusti, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. Miles-LaGrange, Case No. CIV-10-802-H (W.D.Okla. Sept. 30, 2010)(Order, Heaton, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. Greenway, Case No. CIV-10-714-D (W.D.Okla. Aug. 4, 2010)(Order, DeGiusti, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. Halvorson, Case No. CIV-08-197-D (W.D.Okla. Apr. 24, 2008)(Order, DeGiusti, D.J.)(denying leave to proceed *in forma pauperis)*; Berryhill v. Poppell, Case No. CIV-99-407-T (W.D.Okla. May 25, 1999)(Order, Thompson, D.J.)(denying leave to proceed *in forma pauperis)*. In these cases, Plaintiff's actions were

dismissed without prejudice to refiling upon full payment of the filing fee pursuant to 28 U.S.C. § 1915(g).

Plaintiff is clearly subject to the rule in 28 U.S.C. § 1915(g) barring him from proceeding *in forma pauperis* in any civil action unless he demonstrates that he is under imminent danger of serious physical injury. Plaintiff alleges in the Complaint that "[t]he Respondents are causing [him] severe mental anguish [and] severe emotional distress" because of his allegedly "false imprisonment," that he is "highly sedated" due to mental health issues, and that he is confined to a cell "underground" at OSP for 23 hours per day. Complaint, at 15. Plaintiff's allegations are conclusory, relate to previous alleged harms, and do not credibly demonstrate an *imminent* physical injury of the sort contemplated by the statute. Accordingly, the cause of action should be dismissed pursuant to 28 U.S.C. §1915(g) unless Plaintiff pays the full filing fee within twenty (20) days of the date of this Report and Recommendation.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice unless Plaintiff pays the full filing fee within twenty (20) days of this date. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _____February 19th_____, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   30th   day of   January  , 2014.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE