IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

LAVERN BERRYHILL, )
)
Plaintiff, )
)
vs. ) No. CIV-13-1370-W
)
THE STATE OF OKLAHOMA et al., )
)
Defendants. )

## ORDER

Plaintiff Lavern Berryhill filed this action on December 30, 2013, and the matter was assigned to the Honorable David L. Russell, United States District Judge for the Western District of Oklahoma. Pursuant to General Order 11-1 (October 11, 2011), the matter was transferred to the undersigned on December 31, 2013, see Doc. 3, and thereafter, in accordance with title 28, section 636 of the United States Code, the matter was referred to United States Magistrate Judge Gary M. Purcell.

On January 30, 2014, Magistrate Judge Purcell issued a Report and Recommendation and recommended that the action be dismissed unless Berryhill paid the filing fee in full by a designated date. Berryhill was advised of his right to object, see Doc. 6 at 4, and the matter now comes before the Court not only on Berryhill's Objection to Magistrate's Report and Recommendation, see Doc. 8, but also on a document entitled "Fed.R.Civ.P. Rule 54(b) Motion for Certification." See Doc. 7.

Upon de novo review, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter and finds in the absence of sufficient allegations in Berryhill's complaint that he "is under imminent danger of serious physical injury," 28 U.S.C. §

1915(g),[1] that Berryhill is prevented from proceeding in forma pauperis in this matter. E.g., Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 778 (10th Cir. 1999).

The Court further finds no merit to Berryhill's request for relief under Rule 54(b), F.R.Civ.P. This rule, which governs interlocutory appeals, has no application in this instance where Berryhill seeks to appeal the transfer of this case from Judge Russell to the undersigned. Because the transfer was mandated by General Rule 11-1 and because Berryhill has advanced no arguments that weigh against application of that rule in this instance, the Court finds reconsideration of the transfer order, see Doc. 3, is unwarranted.

Accordingly, the Court, based upon the foregoing,

(1) ADOPTS the Report and Recommendation [Doc. 6] issued on January 30, 2014, to the extent that this action will be dismissed without prejudice absent payment in full of the filing fee;

(2) ORDERS Berryhill to pay the filing fee of $400.00 in full to the Clerk of the Court on or before March 18, 2014;

(3) ADVISES Berryhill that if the filing fee is not paid in full by the designated date

---

[1] Section 1915(g) is "the 'three strikes' provision of the in forma pauperis statute, as amended by the Prison Litigation Reform Act of 1995." Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 778 (10th Cir. 1999). It provides in pertinent part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "'This provision requires so-called "frequent filer" prisoners to prepay the entire filing fee before federal courts may consider their civil actions . . . .'" Jennings, 175 F.3d at 778 (quoting White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)).

2

that this matter shall be dismissed without prejudice; and

  (4) DENIES Berryhill's "Fed.R.Civ.P. Rule 54(b) Motion for Certification to Appeal," see Doc. 7, file-stamped January 29, 2014.

  ENTERED this 26th day of February, 2014.

<br>

        _____
        LEE R. WEST
        UNITED STATES DISTRICT JUDGE